1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9

TRACY TAYLOR,

10

    Plaintiff,

11

v.

12

MATTHEW CATE, et al.,

13

    Defendants.

14

_____/

CASE NO.  1:11-cv-01957-LJO-GBC (PC)

FINDINGS AND RECOMMENDATIONS
RECOMMENDING TO DENY PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION

Doc. 3

OBJECTIONS DUE WITHIN THIRTY DAYS

15
16

**I. Procedural History and Plaintiff's Allegations**

17

    On November 28, 2011, Plaintiff Tracy Taylor ("Plaintiff"), a state prisoner

18

proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983,

19

alleging failure to provide orthopedic boots from the vendor of Plaintiff's choice and denial of

20

orthotics and orthopedic slippers on the grounds that medical staff has not established medical

21

necessity. Compl. at 5-6, 8, Doc. 1. On November 28, 2011, Plaintiff filed a motion for preliminary

22

injunction to allow Plaintiff to purchase orthotic boots, arch supports, and orthotic slippers from his

23

vendor of choice. Mot. Inj. at 9-10, Doc. 3.

24

**II. Legal Standard for Motion for Preliminary Injunction**

25

    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

26

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

27

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*

28

*Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive

1   relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the

2   underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.

3   1984).

4          Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

5   have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley*

6   *Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47

7   (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the

8   matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only]

9   if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may

10  not attempt to determine the rights of persons not before the court." *Zepeda v. United States*

11  *Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

12         The pendency of this action does not give the Court jurisdiction over prison officials in

13  general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93

14  (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is

15  limited to the parties in this action and to the viable legal claims upon which this action is

16  proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

17                                          **III. Analysis**

18         The undersigned has dismissed Plaintiff's complaint for failure to state a claim. The

19  undersigned found that Defendants were not indifferent to Plaintiff's complaints but provided

20  Plaintiff with orthotic boots and treated Plaintiff according to medical necessity. As a matter of law,

21  differences of opinion between prisoner and prison doctors fails to show deliberate indifference to

22  serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). "Plaintiff's first

23  amended complaint alleges that Defendants have failed to provide Plaintiff with the type of

24  orthopedic boot that meets with Plaintiff's satisfaction. A difference in opinion does not amount to

25  deliberate indifference to Plaintiff's serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th

26  Cir. 1989)." *Rust v. Garcia*, 2011 WL 3319889, at *7 (C.D. Cal. July 29, 2011).

27         Therefore, Plaintiff has not met the requirements for a preliminary injunction. Plaintiff has

28  not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20.

1  Plaintiff's complaint was dismissed for failure to state a claim, and there is no operative pleading

2  in this action at this time. Additionally, Plaintiff has not demonstrated irreparable harm by being

3  denied to purchase orthotic boots, arch supports, and orthotic slippers from his vendor of choice.

4  **IV. Conclusion and Recommendation**

5          Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary

6  injunction, filed November 28, 2011, should be DENIED.

7          These Findings and Recommendations will be submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

9  after being served with these Findings and Recommendations, Plaintiff may file written objections

10  with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

11  Recommendations." Plaintiff is advised that failure to file objections within the specified time may

12  waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th

13  Cir. 1991).

14

15  IT IS SO ORDERED.

16  Dated:   May 14, 2012

17                                                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28