# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | CASE NO.  1:11-cv-01957-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 3<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Procedural History and Plaintiff's Allegations

On November 28, 2011, Plaintiff Tracy Taylor ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to provide orthopedic boots from the vendor of Plaintiff's choice and denial of orthotics and orthopedic slippers on the grounds that medical staff has not established medical necessity. Compl. at 5-6, 8, Doc. 1. On November 28, 2011, Plaintiff filed a motion for preliminary injunction to allow Plaintiff to purchase orthotic boots, arch supports, and orthotic slippers from his vendor of choice. Mot. Inj. at 9-10, Doc. 3.

## II. Legal Standard for Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive

relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

### III. Analysis

The undersigned has dismissed Plaintiff's complaint for failure to state a claim. The undersigned found that Defendants were not indifferent to Plaintiff's complaints but provided Plaintiff with orthotic boots and treated Plaintiff according to medical necessity. As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). "Plaintiff's first amended complaint alleges that Defendants have failed to provide Plaintiff with the type of orthopedic boot that meets with Plaintiff's satisfaction. A difference in opinion does not amount to deliberate indifference to Plaintiff's serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)." *Rust v. Garcia*, 2011 WL 3319889, at *7 (C.D. Cal. July 29, 2011).

Therefore, Plaintiff has not met the requirements for a preliminary injunction. Plaintiff has not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20.

Plaintiff's complaint was dismissed for failure to state a claim, and there is no operative pleading in this action at this time. Additionally, Plaintiff has not demonstrated irreparable harm by being denied to purchase orthotic boots, arch supports, and orthotic slippers from his vendor of choice.

### IV. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, filed November 28, 2011, should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 14, 2012

UNITED STATES MAGISTRATE JUDGE