# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:11-cv-01957-LJO-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 1<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On November 28, 2011, Plaintiff Tracy Taylor ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to provide orthopedic boots from the vendor of Plaintiff's choice and denial of orthotics and orthopedic slippers on the grounds that medical staff has not established medical necessity. Compl. at 5-6, 8, Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names Defendants Matthew Cate, Secretary of the Department of Corrections and Rehabilitation; C. Hammond, Staff Services Manager, Appeals Examiner; C. K.

Chen, Medical Doctor; J. Akanno, Medical Doctor; S. Schaefer, Medical Doctor; and T. Brewer, Chief Executive Officer for the medical Department at Kern Valley State Prison ("KVSP"). Compl. at 1-3, Doc. 1.

From 1997 through 2006, Plaintiff has been able to receive boots and arch supports through the vendor of his choice. *Id.* at 5. On July 1, 2009, Plaintiff was housed at Pelican Bay State Prison and received tennis shoes and arch supports, which the podiatrist passed off as boots. *Id.* at 4. Plaintiff was housed in administrative segregation at KVSP, and during a cell search, prison officials confiscated and destroyed Plaintiff's arch supports. *Id.*

On October 28, 2010, Plaintiff filed a 602 inmate appeal, stating that the prison shoes the podiatrist issued to Plaintiff were ineffective and had been confiscated by prison officials. *Id.* On December 24, 2010, Dr. Akanno and Dr. Schaefer interviewed Plaintiff regarding his 602 inmate appeal. *Id.* at 5. Plaintiff told Dr. Akanno and Dr. Schaefer that he is in constant pain and that the shoes he was given were tennis shoes and not boots and Plaintiff needs to reorder orthopedic slippers to walk to the bathroom. *Id.* Dr. Akanno stated that although prisoners are allowed to purchase boots from the vendor of their choice, he cannot help Plaintiff. *Id.* Dr. Schaefer told Plaintiff that KVSP does not order orthopedic slippers and that Plaintiff was issued orthopedic boots and orthotics in May 2009 and July 2009. *Id.* Plaintiff stated his orthotics from July 2009 had been confiscated and the boots are ineffective and that he has been allowed to purchase boots from the vendor of his choice for fifteen years. *Id.* at 6. On December 27, 2010, Dr. Akanno partially granted Plaintiff's appeal at the first level but denied Plaintiff's requests for a second pair of orthotic boots for work and orthotic slippers. *Id.* at 32-33. On April 27, 2011, Hammond denied Plaintiff's appeal at the third level of review on the grounds that medical staff has not established medical necessity for new orthotics or to purchase boots from an outside vendor. *Id.* at 6, 34.

Defendants Hammond, Chen, Akanno, Schaefer, and Brewer violated Plaintiff's right to adequate medical care when they substituted their judgment for a specialist. *Id.* at 8. Plaintiff attached a medical report by Michael Sayre, M.D., dated September 27, 2006, diagnosing Plaintiff with possible but questionable plantar fasciitis. *Id.* at 23. Dr. Sayre noted that Plaintiff does not have flat feet or a deformity of the feet. *Id.*

For relief, Plaintiff seeks compensatory and punitive damages and a permanent injunction to allow Plaintiff to purchase orthotic boots, arch supports, and orthotic slippers from his vendor of choice. *Id.* at 9.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Eighth Amendment Deliberate Indifference to Serious Medical Need

##### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**2. Analysis**

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Defendants were indifferent by failing to provide him with orthotic boots, arch supports, and orthotic slippers from his vendor of choice. Compl. at 9, Doc. 1. However, Plaintiff's complaint demonstrates that Defendants were not indifferent to Plaintiff's complaints but provided Plaintiff with orthotic boots and treated Plaintiff according to medical necessity. *Id.* at 6, 34. Plaintiff's allegations may, at most, amount to negligence, which is insufficient to hold a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the Eighth Amendment.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison*

*Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a <u>serious disease or injury</u>; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or <u>difference of opinion</u>." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that Defendants failed to provide him with orthotic boots, arch supports, and orthotic slippers from his vendor of choice. Compl. at 9. However, Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs.</u> *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

> Even though Plaintiff believes that the orthotic device was a better treatment, this is insufficient to maintain a claim of an Eighth Amendment violation. Differences in judgment between an inmate

       and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. See Sanchez, 891 F.2d at 242. "[T]o prevail on a claim involving choices between alternative courses of treatment, [Plaintiff] must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk'" to Plaintiff's health. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson*, 90 F.3d at 332. There is simply no evidence that the chosen treatment was medically unacceptable or that medical staff consciously disregarded an excessive risk.

*Allison v. Prison Health Services, Inc.*, 2009 WL 205228, at *8 (D. Idaho Jan. 28, 2009). "Plaintiff's first amended complaint alleges that Defendants have failed to provide Plaintiff with the type of orthopedic boot that meets with Plaintiff's satisfaction. A difference in opinion does not amount to deliberate indifference to Plaintiff's serious medical needs. *Sanchez*, 891 F.2d at 242." *Rust v. Garcia*, 2011 WL 3319889, at *7 (C.D. Cal. July 29, 2011).

       Plaintiff must set forth evidence that the shoes were medically necessary and the denial therefore constituted deliberate indifference to his medical needs. *See Toguchi*, 391 F.3d at 1058–1060. Plaintiff argues that the shoes that were confiscated were "orthotic shoes," his medical chrono allowed him to have them prior to being moved to CSP–Corcoran, and that Defendant could not change the order made by Dr. Aguilar . . . As previously stated a difference in opinion between treating physicians does not constitute deliberate indifference, and Plaintiff cannot rely on the prior order of Dr. Aguilar to establish deliberate indifference. *Sanchez*, 891 F.2d at 242. Plaintiff had a medical chrono at California Medical Facility allowing him to have a soft shoe, and his shoes were confiscated by Receiving and Release when he was transferred to CSP–Corcoran because they were not a prescribed podiatrist medical shoe.

*Davis v. Ramen*, 2011 WL 2313653, at *12-13 (E.D. Cal. June 09, 2011).

       Plaintiff also seeks to impose liability under the Eighth Amendment on individuals related to the inmate appeals process including Defendants Matthew Cate, Secretary of the Department of Corrections and Rehabilitation; C. Hammond, Staff Services Manager, Appeals Examiner; and T. Brewer, Chief Executive Officer for the medical Department at KVSP. Compl. at 1-3. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals, Defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer*, 511 U.S. at 837. Nevertheless, because

prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). The complaint shows that Defendant Hammond reviewed the entire file when making a decision as to Plaintiff's appeal. Compl. at 6, 34. Thus, there are no facts to show that Defendant willfully turned a "blind eye" to constitutional violations. *Jett*, 439 F.3d at 1098.

Plaintiff's claims against Defendant Matthew Cate, Secretary of the Department of Corrections and Rehabilitation and T. Brewer, Chief Executive Officer for the medical Department at KVSP are even further attenuated as Defendants did not personally deny his appeals. A decision by a defendant's designee provides no basis for a claim as § 1983 does not permit *respondeat superior* liability. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be dismissed for failure to state a claim upon which relief may be granted.

### B. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*,

567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Simply naming T. Brewer, Chief Executive Officer for the medical Department at KVSP as a defendant is insufficient to hold a defendant liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against T. Brewer, Chief Executive Officer for the medical Department at KVSP based upon supervisory liability.

### C. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### D. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

//

//

1       Based on the foregoing, it is HEREBY ORDERED that:

2       1.      Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

3       2.      The Clerk's Office shall send Plaintiff a complaint form;

4       3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

5       4.      If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   May 14, 2012

_____
UNITED STATES MAGISTRATE JUDGE